**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JEREMY PAUL ACHEY,<br><br>      *Plaintiff*,<br><br>   v.<br><br>EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS,<br><br>      *Defendant*. | Civil Action No. 24-2373 (TJK) |

## <u>MEMORANDUM OPINION</u>

Jeremy Achey is a federal prisoner in the Federal Correctional Complex in Coleman, Florida serving a life sentence for a drug trafficking conspiracy. He submitted a Freedom of Information Act request to obtain records relating to the case against him, and later narrowed that request to six documents or sets of documents. Defendant produced to him all the records it found—two of the six documents in hard copy—and withheld nothing. The parties now cross-move for summary judgment. The only remaining dispute between the parties appears to be whether Achey is due a digital copy of one of the two documents that Defendant located and produced to him. As explained below, the Court will grant summary judgment to Defendant in all respects except insofar as it must produce to Achey an electronic copy of that document at issue, because Achey requested the document in an electronic format and it was located by Defendant in that format.

## I.    Background

Achey was convicted of "multiple counts of conspiracy to distribute or to possess with intent to distribute a controlled substance analogue intended for human consumption, which resulted in death." ECF No. 16-1 ¶ 1. In August 2023, he submitted a Freedom of Information

Act ("FOIA") request to the U.S. Attorney's Office for the Middle District of Florida, requesting "substantially all records relating to the federal criminal case against [him] in [the Middle District of Florida], docketed to number 6:17-cr-165." ECF No. 16-3 ¶ 4. *See also* ECF No. 1 at 5; ECF No. 1-2 Ex. B. The U.S. Attorney's Office then forwarded the request to Defendant. ECF No. 9 at 3. Defendant then acknowledged Achey's request and asked that he narrow its scope to speed up processing and avoid fees. ECF No. 16-3 ¶ 5.

Defendant's initial search turned up 1,729 pages of documents potentially responsive to Achey's initial request. ECF No. 16-3 ¶¶ 6, 8. But Achey, following Defendant's suggestion, narrowed his request to the following: (1) "Exhibit 31 – in digital format"; (2) "Exhibit 1.5 – paper copies"; (3) "Phone records from Kristina Gorman's blue cell phone, including tolls, GPS data and text"; (4) "Any plea offer or negotiations for plea"; (5) "Snapchat Files for user 'Etiking'"; and (6) "Phone tolls from Derik Dorris' phone 2016-2017." ECF No. 16-4 at 1. Defendant did not locate any of these six documents or sets of documents in the 1,729 pages or through a search of trial transcripts on the case docket. ECF No. 16-3 ¶ 10.

In March 2024, having received no final response or requested records, Achey administratively appealed the denial of his request. ECF No. 1-2 at 3. However, his appeal was closed as premature because Defendant had not yet issued an appealable final response to the request. ECF No. 9 at 3. In June 2024, Achey sued to compel Defendant to release the requested materials and to provide a *Vaughn* index of anything withheld.[1] ECF No. 1 at 5. Defendant then conducted a subsequent search for the six documents or sets of documents requested by Achey and discovered two of them through a more comprehensive search of the case docket: "Exhibit 1.5"

---

[1] The form Achey used to file his complaint and the Civil Cover Sheet at ECF No. 1-1 is labeled as a 42 U.S.C. § 1983 claim, but this appears to be a simple administrative error. There is nothing in Achey's filings to suggest that he has brought a claim under § 1983.

and "Exhibit 31." ECF No. 16-3. ¶ 11. Defendant did not locate any of the other documents requested. *Id.* ¶ 12. After one failed attempt, Defendant successfully sent paper copies of the two responsive exhibits to Achey without withholding any material. *Id.* ¶¶ 13–16; ECF No. 14 ¶ 2.

Defendant now moves for summary judgment, arguing that its search was adequate and that all responsive records have been produced without any withholdings, so its obligations under FOIA are complete. ECF No. 16-2 at 2. Achey does not contest the adequacy of Defendant's search or seek a *Vaughn* index. ECF No. 18 at 1–3. Instead, he cross-moves for summary judgment, appearing to ask only that Defendant produce an electronic copy of "Exhibit 31." *Id.* at 1, 4.

## II.     Legal Standard

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Am. Immigr. Council v. DHS*, 30 F. Supp. 3d 67, 72 (D.D.C. 2014) (citations omitted). Summary judgment may be granted "when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor." *Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016) (citation omitted). "The evidence presented must show 'that there is no genuine dispute as to any material fact and the movant[s] [are] entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "In the FOIA context, a district court reviewing a motion for summary judgment conducts a de novo review of the record, and the responding federal agency bears the burden of proving that it has complied with its obligations under the FOIA." *MacLeod v. DHS*, No. 15-cv-1792, 2017 WL 4220398, at *6 (D.D.C. Sept. 21, 2017) (Jackson, J.) (citing 5 U.S.C. § 552(a)(4)(B)).

3

### III.     Analysis

In his complaint, Achey originally sought the production of the six sets of documents, as well as a *Vaughn* index of any material withheld.  Defendant has since provided, in hard copy, two of the six sets of documents requested and represents that it withheld nothing responsive to Achey's request.  Thus, Defendant has moved for summary judgment, arguing that its search was adequate and it need not produce a *Vaughn* index.  Achey has cross-moved for summary judgment but does not appear to dispute the above points.  Still, he argues that he is entitled to an electronic copy of Exhibit 31.  The Court will grant summary judgment to Defendant in all respects except insofar as it must produce to Achey an electronic copy of that document at issue.

### A.     Defendant's Search was Adequate

To show that it has met its obligation of performing an adequate search, the agency must provide a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."  *Cabezas v. FBI*, 109 F.4th 596, 602 (D.C. Cir. 2024) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  Such affidavits are entitled to "a presumption of good faith."  *SafeCard Servs. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991).  The agency's search "need not be perfect, only adequate."  *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).  And the "adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used."  *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).   FOIA requesters may provide "countervailing evidence" to rebut the presumption of good faith, but to raise the "substantial doubt" necessary to preclude summary judgment for the government, this evidence must include "positive indications of overlooked materials."  *Id.* at 313–14.

4

Defendant's search was adequate.  The agency has provided a declaration by Theodore Smith, an Attorney-Advisor with Defendant's FOIA/Privacy Act Staff, who lays out the manner and detail of his searches for Achey's requested documents.  He explains that the U.S. Attorney's Office for the Middle District of Florida searched its electronic case management database using the docket number associated with Achey's criminal case and Achey's name, and then searched through "all files and other places where physical or electronic records responsive to the request were likely to be found.  ECF No. 16-3 ¶¶ 1, 6.  The search produced 1,729 pages of documents that were responsive or potentially responsive to Achey's original request, all of which were forwarded to Defendant.  *Id.* ¶ 8.  Smith asserts that he spent eight hours combing through the 1,729 pages and did not locate any records responsive to Achey's narrowed request.  *Id.* ¶ 10.  Even then, Smith went above and beyond searching the materials in Defendant's possession to look at the public case docket, and ultimately found the Government's Exhibit List there, which contained links to the two exhibits requested by Achey.  *Id.* ¶ 11.  But he found none of the other records listed in Achey's narrowed request of six records.  *Id.* ¶ 12.

Smith's declaration easily provides enough detail for the Court to find that Defendant made a good-faith effort to search for the requested records where they might reasonably be found. Achey was prosecuted in the Middle District of Florida, so limiting the search to that office makes sense as the only location likely to possess responsive records.  *See Oglesby*, 920 F.2d at 68.  The docket number attached to Achey's case along with his name are adequate search terms.  *See Kowal v. DOJ*, 490 F. Supp. 3d 53, 65 (D.D.C. 2020).  Indeed, Smith's search even went beyond the 1,729 pages he was provided.  ECF No. 16-3 ¶ 11.  And Achey has not challenged the adequacy of the search, let alone provided the sort of "countervailing evidence" that would provide "positive indications of overlooked materials."  *Iturralde*, 315 F.3d at 313–14.

**B.      Defendant Need Not Provide Achey a *Vaughn* Index**

"When an agency refuses to disclose certain documents pursuant to a FOIA exemption, it must ordinarily produce a '*Vaughn* Index,' a description of each document withheld or redacted and an explanation of the reasons for non-disclosure." *Jud. Watch, Inc. v. USPS*, 297 F. Supp. 2d 252, 256–57 (D.D.C. 2004) (citing *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973)).  That is, a *Vaughn* index is required when the agency *withholds* documents under a FOIA exemption.

In his complaint, Achey requests a *Vaughn* index "of all digital files presented at his trial, and all other requested information." ECF No. 1 at 5.  And although he appears to have abandoned that request at this point, the Court notes that this request was based on a misunderstanding of the purpose of a *Vaughn* index.  Defendant has never purported withholding any responsive records.  To the contrary, the agency has asserted that "all records . . . that are responsive to Plaintiff's request have been released to him in full, with no pages or parts of pages withheld." ECF No. 16-3 ¶ 17.  So a *Vaughn* index is inapposite.  Instead, when an agency claims that requested records are missing or do not exist, rather than that they are exempted, the proper inquiry is whether the agency "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Cabezas*, 109 F.4th at 602 (citations omitted).  For the reason set forth above, Defendant's search here was adequate.

**C.      Defendant Must Provide Achey a Digital Copy of Exhibit 31**

The only issue that Achey seems to contest is the only issue remaining.  Defendant produced one of Achey's requested records—"Exhibit 31"—to him in hard copy.  Defendant contends that Achey is owed no more because "[n]owhere does he state that he requested the information in any preferred format other than that in which it was sent and received." ECF No. 20

at 2.  Wrong.  Achey requested "Exhibit 31 – in digital format."  ECF No. 16-4 at 1.  So as a technical matter, he is entitled to it in that format.

In fulfilling FOIA requests, agencies must provide records "in any form or format requested by the person if the record is readily reproducible by the agency in that form or format."  5 U.S.C. § 552(a)(3)(B).  In *Sample v. Bureau of Prisons*, 466 F.3d 1086 (D.C. Cir. 2006), the D.C. Circuit confronted this exact issue.  Sample was a federal prisoner who requested records in electronic format under FOIA from the Bureau of Prisons.  *Id.* at 1087.  The Bureau of Prisons provided paper copies of the requested records and argued that this fulfilled its FOIA responsibilities.  *Id.*  But Sample, dissatisfied, continued to press for electronic copies.  *Id.*  The D.C. Circuit held that the FOIA statute means what it says—so long as the documents are "readily reproducible" by the agency in an electronic format, the agency must provide them in that format.  *Id.* at 1089.

Defendant has not argued that "Exhibit 31" is not "readily reproducible" in electronic format.  In fact, as Achey points out, Defendant's own filings say otherwise: "Exhibit 31" was found in a *digital* search of "the entire district court docket in CourtLink."  ECF No. 16-3 ¶ 11.  Since the exhibit was found in a digital format, it is surely readily producible in that format.  True, Defendant once questioned whether Achey may receive electronic records while incarcerated.  *See* ECF No. 14 ¶¶ 3–4.  But the D.C. Circuit recognized in *Sample* that whether Achey can ultimately *receive* an electronic copy of "Exhibit 31" is separate from Defendant's statutory duty to *provide* such a copy.  Once Defendant "has provided the records in electronic format, its FOIA obligation is complete."  *Sample*, 466 F.3d at 1089.  And from the Court's perspective, that simply means sending "Exhibit 31" in electronic format to him in the mail.  Any downstream question of how the Bureau of Prisons may "decide[] to limit or prohibit access to the material" is a separate matter "not before this Court."  *Id.*  Thus, the Court will grant Achey's motion for summary judgment to

the extent that it requests that Defendant provide "Exhibit 31" to him in a digital format, because he requested it in that format.

## IV.    Conclusion

For all these reasons, the Court will grant Defendant's Motion for Summary Judgment in all respects except for its obligation to provide Achey a copy of "Exhibit 31" in a digital format, as he requested.   Similarly, it will deny Achey's Cross-Motion for Summary Judgment in all respects, except insofar as it requests that Defendant provide him a copy of "Exhibit 31" in a digital format.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 24, 2026